**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JANET SQUIRE; JAMIE BELGARD-
KRAUSE; JEFFREY NEMYO,

      Plaintiffs-Appellants,

v.

UAL CORPORATION, a Delaware
corporation,

      Defendant,

   and

UNITED AIRLINES, INC., a
Delaware corporation,

      Defendant-Appellee.

No. 98-1353
(D.C. No. 94-D-1266)
(D. Colo.)

---

**ORDER AND JUDGMENT** [*]

---

Before **TACHA** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiffs appeal the district court's finding that they were not "perceived as disabled" under the Rehabilitation Act by defendant United Airlines, Inc.  We affirm.

Plaintiffs filed suit in federal district court alleging that defendant violated the Rehabilitation Act, 29 U.S.C. §§ 701-796   l, and the version of the Air Carriers Access Act then in effect, by refusing to hire them as pilots because they had undergone radial keratotomy (RK), a procedure to improve vision by changing the shape of the cornea.  They maintained that even though they were not disabled, defendant's policy not to hire as pilots anyone who had undergone an RK procedure demonstrated that it perceived them as disabled.       The district court entered summary judgment in favor of defendant.  Thereafter, plaintiffs sought to amend their complaint to allege that defendant's RK policy violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (ADA).  The district court denied leave to amend.  While this case was pending, plaintiffs filed a separate lawsuit against defendant in the federal district court based on their ADA

claims. That case was resolved in favor of defendant and is now on appeal to this court, appeal No. 99-1159.

The district court entered summary judgment against plaintiffs Squire and Belgard-Krause because they had filed their complaint after the applicable statute of limitations had expired and because their claims were barred by the doctrine of res judicata based on a prior lawsuit, Belgard v. United Air Lines, Inc., 857 P.2d 467 (Colo. Ct. App. 1992). They do not challenge these rulings on appeal. Therefore, we affirm the district court's summary judgment against plaintiffs Squire and Belgard-Krause. See Snell v. Tunnell, 920 F.2d 673, 676 (10th Cir. 1990) (appellate court will not decide issues not raised by appellant).

The district court's order addressed the merits of plaintiff Nemyo's claim that he was "perceived as disabled." On appeal, he does not claim that he is entitled to relief under either the Rehabilitation Act or the Air Carriers Access Act. Rather, he seeks a reversal of the district court's finding that he was not "perceived as disabled." He alleges that if the district court's finding is allowed to stand, it would have a preclusive effect on the plaintiffs' related appeal of their ADA claims because the "perceived as disabled" inquiry is substantially the same under the Rehabilitation Act as the ADA. Although plaintiff Nemyo has come close to abandoning his claim, because he argues the merits of his Rehabilitation Act claim on appeal, we address his claim.

Plaintiff Nemyo alleges he was "perceived as disabled" because defendant refused to hire him for the position of pilot. He has failed to state a claim that defendant perceived him as being substantially limited in the life activity of working because he has not alleged that he is unable to work in a broad class of jobs. See Sutton v. United Air Lines, Inc., 119 S. Ct. 2139, 2151 (1999) (construing ADA). That defendant regards plaintiff Nemyo's RK procedure as precluding him from holding the single job of pilot "does not support the claim that respondent regards [him] as having a *substantially limiting* impairment." Id.; see White v. York Int'l Corp., 45 F.3d 357, 360 n.5 (10th Cir. 1995) (ADA and Rehabilitation Act are to be interpreted to prevent "'imposition of inconsistent or conflicting standards for the same requirements,'" so we may rely on cases interpreting the ADA to decide cases under the Rehabilitation Act (quoting 42 U.S.C. § 12117(b)). Accordingly, the district court was correct in denying plaintiff Nemyo's Rehabilitation Act claim that he was "perceived as disabled."

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-4-